J-S42006-20

J-S42007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JOHNSON | : | |
| | : | |
| Appellant | : | No. 2225 EDA 2019 |

Appeal from the PCRA Order Entered June 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003935-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER JOHNSON | : | |
| | : | |
| Appellant | : | No. 2226 EDA 2019 |

Appeal from the PCRA Order Entered June 17, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003936-2011

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED DECEMBER 14, 2020**

Christopher Johnson appeals from the order entered in the Philadelphia County Court of Common Pleas on June 17, 2019, dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Johnson raises claims of ineffective assistance

of plea counsel related to entry of no-contest and guilty pleas under both of the above dockets.[1] We affirm.

On September 15, 2015, Johnson entered a no-contest plea to two counts of assault of a law enforcement officer, and a guilty plea to two counts each of simple assault and recklessly endangering another person, and one count each of carrying firearms on public streets of Philadelphia and possession of an instrument of crime. In exchange for his plea, the Commonwealth agreed not to pursue the mandatory minimum sentence of twenty years' incarceration on each count of assault of a law enforcement officer. **See** N.T., 9/15/2015, at 6, 13. In all other respects, Johnson's pleas remained open, with the sentence to be determined by the trial court.

After a pre-sentence investigation and mental health evaluation was completed, the trial court sentenced Johnson at both dockets to an aggregate twelve to twenty-four years' incarceration, followed by five years' probation.

After the court denied his post-sentence motion, Johnson filed a timely appeal to this Court. In an unpublished memorandum, we rejected Johnson's claims and affirmed his judgment of sentence. **See Commonwealth v. Johnson**, 549 EDA 2016 (Pa. Super. filed December 5, 2016) (unpublished

_____

[1] We have consolidated Johnson's two appeals *sua sponte* as they raise identical challenges to the PCRA court's order.

- 2 -

memorandum). The Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal.

On May 3, 2018, Johnson filed a *pro se* PCRA petition. The PCRA court appointed counsel, who later filed a **Finley**[2] no-merit letter and a motion to withdraw as counsel. Johnson filed a motion for permission to file an amended petition with the assistance of newly retained private counsel, which the PCRA court granted. New counsel filed an amended petition, contending plea counsel was ineffective and that Johnson's plea was entered unknowingly and unintelligently. On June 17, 2019, the court entered an order dismissing Johnson's PCRA petition. Subsequently, on July 11, 2019, Johnson filed separate notices of appeal from the order dismissing his petition under both of the above dockets, pursuant to, and in compliance with, **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring a separate notice of appeal for each trial court docket number appealed from).

We note that it is undisputed that Johnson did not receive the proper notice of the court's dismissal of his amended PCRA petition. Pa.R.Crim.P. 907(4) provides that when the court dismisses a PCRA petition without a hearing, it must advise the defendant of the right to appeal and the time for initiating an appeal "by certified mail, return receipt requested."

_____

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Here, the PCRA court admits that Johnson never received the initial Rule 907 notice, issued on May 20, 2019, as evidenced by the notice being returned to the court as undeliverable. Therefore, there is no indication in the record of when, or if, Johnson received proper notice of his right to file an appeal or the time within which to do so.[3]

Since the PCRA court entered its order denying Johnson's PCRA petition on June 17, 2019, Johnson's notice of appeal was due on or before July 17, 2019. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Johnson's notice of appeal under both dockets was filed on July 11, 2019. Therefore, it would appear that Johnson nevertheless received actual notice of the dismissal and subsequently timely filed his appeal.

Under these circumstances, we do not find a remand necessary in order for the PCRA court to correct its failure to follow the directives of Rule 907. Johnson has not raised the issue himself on appeal, and in fact explicitly waived any defect in notice in his response to our rule to show cause. **See** Response to Rule to Show Cause, 9/23/2019, at 2; **see also Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (finding that an

---

[3] Since the court had already formally dismissed the PCRA petition before the May 20, 2019 order was returned to the court, it attempted to correct the discrepancy by issuing a second Rule 907 notice on June 28, 2019.

appellant's failure to raise on appeal the PCRA court's failure to provide Rule 907 notice results in waiver of the claim). Therefore, we will proceed to address the merits of Johnson's claims appeal.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). A PCRA court may dismiss a petition without a hearing if it concludes the petition raises no genuine issues of material fact and does not otherwise arguably justify collateral relief. **See Commonwealth v. Cruz**, 223 A.3d 274, 277 (Pa. Super. 2019).

In each of his contentions, Johnson argues that his pleas were unknowingly given because he received ineffective assistance of plea counsel. "A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's

advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Kimball*, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See id*. at 1163. Where, as here, the appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, at 370 (citation omitted).

Assuming, *arguendo,* there is arguable merit to Johnson's contentions regarding plea counsel, we conclude Johnson has failed to demonstrate he suffered prejudice due to plea counsel's alleged failures. Specifically, Johnson

has failed to demonstrate, let alone allege, that but for counsel's inaction, he would not have pled guilty and would have gone to trial. ***See id***.

First, Johnson claims plea counsel's advice was ineffective because he claims the factual basis of the plea was insufficient to establish his guilt for shooting at law enforcement. Specifically, he claims the facts show that he did not know that he was shooting at law enforcement and that he did not intend to shoot at the officers. However, plea counsel specifically pointed this out in his response to the factual basis set forth by the Commonwealth. ***See*** N.T., 9/15/2015, at 19-20. Further, plea counsel stated that Johnson was pleading no-contest to the two aggravated assault of law enforcement charges "because of the sentencing," which the Commonwealth then explained as its waiver of the mandatory sentence. ***See id.*** at 12-13. Therefore, the record shows that plea counsel made it clear that Johnson was surrendering his right to litigate this very issue in exchange for the Commonwealth waiving the mandatory minimum.

Johnson claims he has established prejudice on this claim because

[t]he record reflects that [Johnson] came to court wanting to proceed to trial with a jury. However, after a brief, off the record, discussion with counsel, [Johnson] instead pled. Were it not for his counsel's advice during that brief off the record meeting, [Johnson] would not have pled as he did.

Appellant's Brief, at 37 (re-paginated for clarity). Notably, Johnson never specifies the actual advice with which he takes issue.

Here, the record indicates Johnson was provided with accurate information regarding the possible maximum sentences he could receive at trial, and that he had bargained for the Commonwealth's agreement to waive the mandatory minimum for the charges of assault of a law enforcement officer. Therefore, Johnson has failed to establish prejudice on his first claim.

Second, Johnson contends his plea was unknowingly entered because counsel did not adequately investigate his mental health history and should have known that Johnson did not fully understand the decisions he was making. His argument appears to be centered on his contention that he did not understand that he would receive the sentence that he did, and that he had allegedly been told by counsel that he would be sentenced to seven to fifteen years. **See** Appellant's Brief, at 42, 45 (re-paginated for clarity).

After a review of the record, we find Johnson has failed to allege - let alone prove - prejudice regarding his second claim. **See Rathfon**, 899 A.2d at 369-70. As set forth above, the record demonstrates that Johnson was aware of the possibility of mandatory minimum sentences, and after consulting his attorney and his mother, chose to avoid that risk by entering the plea agreement. Even if we assume that he was suffering from significant cognitive deficits when he pled, he has provided no basis for concluding he would have chosen to forgo the benefit of the plea bargain. By failing to satisfy one of the prongs of the ineffective assistance test, Johnson's entire claim fails. **Commonwealth v. Medina**, 209 A.3d 992, 1000 (Pa. Super. 2019).

Further, the statements made during a plea colloquy bind a criminal defendant. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002). As a result, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. **See Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999). Johnson specifically represented in both his written and oral plea colloquies that no promises had been made to him. **See** Colloquy for Plea of Guilty / Nolo Contendere, 9/15/2015; **see also** Written Plea Colloquy, 9/15/2015, at 1-4; **see also** N.T., 9/15/2015, at 10-15. Further, it was clear from both colloquies that he was entering an open plea, and therefore no promises of a particular sentence or any plea bargains had been made, other than the Commonwealth forgoing its right to demand a mandatory minimum sentence. Finally, and most importantly, Johnson represented in both colloquies that he did not suffer from any mental health issues that would impact his decision.

For the reasons set forth above, we conclude Johnson is not entitled to relief. The record supports the PCRA court's credibility determinations. Moreover, having conducted an independent review of the record in light of the PCRA petition, we agree that the PCRA petition is meritless.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Johnson's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/14/20</u>